# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL BOYLE and ANDREA BOYLE, h/w : | CIVIL ACTION |
| v. : | |
| GRIZZLY INDUSTRIAL, INC., a/k/a : | |
| Grizzly Holdings Incorporated, d/b/a : | |
| Grizzly Holdings Incorporated, t/a : | |
| Grizzly Holdings Incorporated, : | |
| GRIZZLY INDUSTRIAL PA, INC. and : | |
| and TINIUS OLSEN : | |
| INTERNATIONAL COMPANY : | NO. 18-854 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                  May 23, 2018

The issue in this products liability action, which was removed from the state court on the basis of diversity jurisdiction, is whether two of the three defendants were fraudulently joined to defeat diversity. If they were, there is no diversity jurisdiction and the case must be remanded.

Plaintiff Carl Boyle suffered amputation injuries to his fingers when the table saw he was using kicked back.[1] He and his wife, Pennsylvania citizens, have named as defendants Grizzly Industrial PA, Inc. (Grizzly PA) and Grizzly Industrial, Inc. (Grizzly Industrial) as the designers and manufacturers of the table saw, and Tinius Olsen International Company (Tinius International) as the supplier of the table saw.[2] Grizzly PA and Tinius International are Pennsylvania citizens.

---

[1] Notice of Removal (Doc. No. 1) Ex. A (State Ct. Compl.) at ECF 16–17 ¶¶ 28, 40.

[2] *See id.* ¶¶ 12–13, 22, 47. The Boyles contend that Grizzly PA did not receive consent from Tinius International to remove. During the pretrial conference, Grizzly PA clarified that it did receive Tinius International's consent. Tinius International also consented in its Response to the Motion to Remand, filed on April 12, 2018. *See* Tinius Resp. to Mot. to Remand (Tinius Resp.) (Doc. No. 19) Ex. E.

In removing the action, Grizzly Industrial contends that Grizzly PA and Tinius International were fraudulently joined.[3] It asserts that Grizzly PA is a non-existent entity and Tinius International had no personal involvement with the accident.[4] The Boyles have moved to remand, maintaining that Grizzly PA and Tinius International, Pennsylvania citizens, are properly named defendants.

**Analysis**

For diversity jurisdiction to exist, the opposing parties must be citizens of different states and the amount in controversy must exceed $75,000. No plaintiff can be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018). When removal is based on diversity, complete diversity between the parties must have existed when the complaint was filed and at the time of removal. *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150–51 (3d Cir. 2017).

If the removing defendant establishes that a non-diverse defendant was fraudulently joined, the court disregards the citizenship of the non-diverse defendant for the purpose of determining diversity of citizenship and dismisses the non-diverse defendant. *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006). On the other hand, if the court determines that joinder was not fraudulent, it must remand. *Id.* (citing 28 U.S.C. § 1447(c)).

Joinder is fraudulent only where there is no reasonable factual or "colorable" legal basis to support the claim against the non-diverse defendant or the plaintiff has no

---

[3] Notice of Removal ¶ 8.

[4] *Id.* ¶¶ 5–8. According to Tinius International, Grizzly Industrial was served with the state court summons and complaint on January 29, 2018. Tinius Resp. at 2.

real intention of pursuing the action against that defendant. *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009) (citing *In re Briscoe*, 448 F.3d at 216); *see also Hogan v. Raymond Corp.*, 536 F. App'x 207, 210 (3d Cir. 2013). Any uncertainty as to the controlling substantive law is resolved in favor of the plaintiff. The possibility that the state court might find that the complaint states a cause of action against the non-diverse defendant requires remand. *JEVIC*, 575 F.3d at 326 (quoting *In re Briscoe*, 448 F.3d at 217). Unless the claim is "wholly insubstantial and frivolous," joinder will not be deemed fraudulent. *In re Briscoe*, 448 F.3d at 218 (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992)). Hence, only where it is clear that the plaintiff cannot possibly recover from the non-diverse defendant will the joinder be deemed fraudulent.

The fraudulent joinder inquiry focuses on the complaint at the time of removal, accepting the factual allegations as true. *JEVIC*, 575 F.3d at 326 (quoting *In re Briscoe*, 448 F.3d at 217). Nevertheless, it may be necessary to look beyond the complaint, but only to the extent that it bears on the threshold jurisdictional inquiry. We do not conduct a merits inquiry. Nor can we consider the merits of a defense. *In re Briscoe*, 448 F.3d at 218 (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 112–13 (3d Cir. 1990)).

The removing party has a heavy burden of persuading a court that joinder is fraudulent. *JEVIC*, 575 F.3d at 326; *Batoff*, 977 F.2d at 851 (citation omitted). This heavy burden is imposed to effectuate the strong presumption against removal jurisdiction. *Batoff*, 977 F.2d at 851 (quoting *Steel Valley Author. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)); *JEVIC*, 575 F.3d at 326.

*Grizzly Industrial PA, Inc.*

Grizzly Industrial maintains there is "no reasonable basis in fact" or "colorable ground" supporting claims against Grizzly PA because it has not existed for over twenty years. It relies on the affidavit of its Chief Financial Officer, Don Osterloh, and a screenshot of the Pennsylvania Department of State website for Grizzly PA.[5] The Department of State website lists Grizzly PA's status as "Withdrawn-CONSOLIDATED INACTIVE" and dates the Articles of Merger and Consolidation as December 31, 1998.[6]

In conducting a fraudulent joinder analysis, we may consider records from prior proceedings and matters subject to judicial notice. *In re Briscoe*, 448 F.3d at 220. We may take judicial notice of information posted on the Pennsylvania Department of State website. *See, e.g.*, *Landair Transp., Inc. v. Del's Truck & Auto Repair*, Civ. A. No. 17-CV-0723, 2018 WL 950208, at *2 n.1 (M.D. Pa. Feb. 20, 2018) (taking judicial notice of facts contained in the Pennsylvania Department of State website); *Hall v. Kingston*, Civ. A. No. 17-543, 2017 WL 1225054, at *2 (E.D. Pa. Mar. 31, 2017) (citing the Pennsylvania Department of State website in taking judicial notice of a charity's location); *Corner Pocket, Inc. v. Travelers Ins.*, Civ. A. No. 12-288, 2013 WL 3993967, at *1 n.2 (W.D. Pa. Aug. 5, 2013) (judicially noticing records from the Pennsylvania Department of State online database). We may also consider supporting documents such as affidavits. *See, e.g.*, *Yellen v. Teledne Cont'l Motors, Inc.*, 832 F. Supp. 2d 490, 503 (E.D. Pa. 2011); *Susman v. Goodyear Tire & Rubber Co.*, Civ. A. No. 17-3521, 2018 WL 1243733, at *7 (E.D. Pa. Mar. 9, 2018); 16-107 James Wm. Moore, Moore's

---

[5] *See* Notice of Removal Ex. B (Osterloh Decl.); Grizzly Resp. to Mot. to Remand (Grizzly Resp.) Ex. A (Doc. No. 17-1).

[6] Grizzly Resp. Ex. A.

Federal Practice § 107.52 (2018). In doing so, we must keep in mind that we may not conduct a merits inquiry or consider the merits of a defense.

The Pennsylvania Department of State records indicate Grizzly PA is an inactive Pennsylvania corporation, having merged with another entity. It does not indicate with whom Grizzly PA merged, nor does Grizzly Industrial provide a certification of the merger. Instead, it relies on Osterloh's declaration that Grizzly PA merged with Grizzly Industrial, a Washington corporation.[7] Because Osterloh's statement bears solely on the question of jurisdiction and not the merits, we consider it with the Pennsylvania records.

Though the Boyles allege Grizzly PA and Grizzly Industrial designed, manufactured, tested, supplied, sold, and distributed the saw that caused Carl Boyle's injuries, Osterloh states that Grizzly PA ceased to exist after the merger.[8] He admits that Grizzly Industrial, as the company that sold the saw, is the proper party to the action.[9] Because Grizzly PA merged with Grizzly Industrial in 1998 and went out of existence before the saw was manufactured in 2005, the Boyles cannot maintain a claim against it.[10] Because there is no colorable claim against Grizzly PA, we shall dismiss it as a defendant and disregard its citizenship.

---

[7] Osterloh Decl. ¶¶ 2–3. The actual declaration states Grizzly PA merged with "Grizzly Holdings, Inc." *Id.* ¶ 3. But, Grizzly Industrial continues to maintain that it was the entity that merged with Grizzly PA. Grizzly Resp. at 6.

[8] State Ct. Compl. ¶ 17; Osterloh Decl. ¶ 3.

[9] Osterloh Decl. ¶ 6.

[10] Grizzly Resp. Ex. A; State Ct. Compl. ¶ 17. In its Notice of Removal, Grizzly Industrial claims it merged with Grizzly PA on December 31, 1998. *See* Notice of Removal ¶ 5. The Pennsylvania Department of State website also dates the Articles of Merger/Consolidation as December 31, 1998. Grizzly Resp. Ex. A. However, Grizzly Industrial states in its Response to the Motion to Remand that Grizzly PA merged with Grizzly Industrial on January 1, 1999. Grizzly Resp. at 6. The difference of a day is immaterial.

*Tinius Olsen International Company*

Tinius International provides the affidavit of its president, C. Robert Tait III, who avers that Tinius International had no connection to the saw or incident giving rise to Carl Boyle's injury.[11] It contends that its subsidiary, Tinius Machine, owned the premises where the injury happened, purchased the table saw, and was responsible for Carl Boyle's work activities.[12] So, Tinius International argues, the Boyles' claim against it is not colorable because it did not engage in any culpable conduct. It also contends that the Boyles cannot pursue claims against its subsidiary, Tinius Machine, because they are barred by the Pennsylvania Workers' Compensation Act.[13] Tinius International maintains that because the Boyles cannot bring a claim against Tinius Machine, they are suing the parent company to defeat diversity.

As a general rule, a parent company cannot be liable for the actions of its subsidiary. *Fried v. JP Morgan Chase & Co.*, 850 F.3d 590, 595 n.2 (3d Cir. 2017); *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484 (3d Cir. 2001). But, where the subsidiary is so dominated by the parent that it has "no separate existence," courts may pierce the corporate veil to hold the parent company accountable. *Pearson*, 247 F.3d at 484. What the actual relationship between the two Tinius companies and the extent to which Tinius International exerted control, if at all, over Tinius Machine are factual questions that cannot be resolved in the context of a motion to remand. At this stage, there is no evidentiary record from which one could determine the extent of Tinius International's involvement in the operation and oversight of Tinius Machine. Hence, we

---

[11] *See* Notice of Removal Ex. C (Tait Decl.) at ECF 43–45.

[12] *Id.* ¶¶ 5, 7–8; Notice of Removal ¶ 7.

[13] Grizzly Resp. at 13.

are unable to conclude that the Boyles cannot sustain a claim against Tinius International.

We also cannot conclude that the claims against Tinius International are "wholly insubstantial and frivolous." *In re Briscoe*, 448 F.3d at 218. In the complaint, the Boyles claim Tinius International owned and operated the facility in which Carl Boyle used the saw.[14] Tinius International admitted in its answer to the complaint that its principal place of business was located at 1065 Easton Road in Horsham.[15] Thus, although Tinius International seeks to distance itself from Tinius Machine, it maintains its principal place of business at the same address as Tinius Machine.[16]

The Boyles allege Tinius International owned the saw, was responsible for the saw's maintenance and repair, and failed to provide Carl Boyle with safety equipment. In other words, the Boyles have alleged an independent basis for Tinius International's liability.[17] Viewing the factual allegations in the complaint as true and resolving all questions of fact in the light most favorable to the plaintiffs, we conclude the Boyles have pled sufficient facts to support a claim against Tinius International.[18]

---

[14] State Ct. Compl. ¶¶ 19–21.

[15] Mot. to Remand Ex. C (Doc. No. 11) at ¶ 14. We may consider records from prior proceedings in a fraudulent joinder analysis. *In re Briscoe*, 448 F.3d at 220.

[16] *Compare* Tait Decl. ¶ 8 (Tinius Machine) *with* Mot. to Remand Ex. D (Tinius International).

[17] State Ct. Compl. ¶¶ 22–23.

[18] 16-107 James Wm. Moore, Moore's Federal Practice § 107.52 (2018) (citing *Boyer*, 913 F.2d at 111) ("In deciding whether parties have been fraudulently joined, the district court must evaluate all of the factual allegations . . . in the light most favorable to plaintiff, resolving all contested issues of substantive fact in the plaintiff's favor.").

**Conclusion**

Accepting the allegations in the complaint as true and mindful that we cannot conduct a merits inquiry, we cannot conclude that the Boyles could not possibly recover on their claims against Tinius International. Tinius International, a Pennsylvania corporation, has not met its heavy burden of showing it was fraudulently joined. Thus, because there is not complete diversity, this action must be remanded.